IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRIAN SALINAS and SULYN SALINAS,<br><br>    Plaintiffs,<br><br>vs.<br><br>SELECT PORTFOLIO SERVICING, INC.;<br>WACHOVIA CORPORATION; and<br>LUNDBERG AND ASSOCIATES,<br><br>    Defendants. | ORDER GRANTING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS<br><br><br><br>Case No. 2:05-CV-00975 PGC |

In this RICO, breach of contract, and tort action, plaintiffs Brian Salinas and Sulyn Salinas, allege that the defendants failed to and improperly processed mortgage payments, forced the Salinases to file a voluntary bankruptcy petition, and wrongfully foreclosed their interest in their home.  This matter is before the court on defendant Select Portfolio Servicing, Inc.'s motion for partial judgment on the pleadings, specifically on Count III of the Complaint titled, "Prima Facie Tort – Wrongful Bankruptcy."  The Salinases oppose the motion.  Because neither Utah law nor federal law recognize an action for prima facie tort or wrongful bankruptcy under the circumstances, the court grants the motion for partial judgment on the pleadings.

A defendant is entitled to judgment on the pleadings "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief."[1]  When ruling on a motion for judgment on the pleadings, the court "accept[s] the well-pleaded allegations of the complaint as true and construe[s] them in the light most favorable to the non-moving party."[2]

The Complaint alleges, and the court assumes as true for purposes of the present motion, that in the bankruptcy action, SPS "grossly overstated the mortgage arrears that had accrued on the Salinas[es] mortgage" and failed to account "for some $26,000.00 in mortgage payments."[3] The Complaint also alleges that the "failure and refusal of . . . [SPS] to properly account for mortgage payments . . ., its refusal to provide them with an accurate payoff statement with which they could re-finance their high cost mortgage and its continuing and unceasing threats of foreclosure" directly, immediately, and proximately caused the Salinases to file their voluntary bankruptcy petition.[4] Count III of the Complaint states that "as a direct and proximate result of the false and extortionate claims of [SPS] and Lundberg" the Salinases "were repeatedly compelled to seek protection under Chapter 13 of the Bankruptcy Code," causing them to incur monetary damages and damage to their credit rating.[5]

---

[1]*Atlantic Richfield Co. v. Farm Credit Bank of Witchita*, 226 F.3d 1138, 1160 (10th Cir. 2000) (quotations and citations omitted).

[2]*Id.* (quotations and citations omitted).

[3]Compl. at ¶34.

[4]*Id.* at ¶35.

[5]*Id.* at 46.

SPS first asserts that it is entitled to judgment on the pleadings because Utah has not recognized a cause of action for a "prima facie tort." "When the federal courts are called upon to interpret state law, the federal courts must look to the rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how the high court would rule."[6] The Utah Supreme Court has noted its inability to find any precedent that indicates that a prima facie tort exists in Utah.[7] And the Salinases do not cite and this court has not found any Utah authority recognizing a prima facie tort or cause of action for wrongful bankruptcy under the circumstances here where the plaintiffs voluntarily filed for bankruptcy.  The court therefore predicts that the Utah Supreme Court would not find a cause of action here.

The Salinases contend, however, that federal circuit courts have recognized a federal common law action for wrongful bankruptcy.  But the authorities the Salinases cite do not recognize a federal common law action for wrongful bankruptcy based upon the *voluntary* filing of a bankruptcy petition.  Rather, they acknowledge bankruptcy *jurisdiction* for abuse of process in involuntary bankruptcy[8] and for torts against the debtor arising in bankruptcy or that could not have occurred but for the bankruptcy.[9]  Moreover, to the extent the Salinas seek relief for bad acts committed during the bankruptcy process, the Salinases have not sought relief under the

---

[6] *Johnson v. Riddle*, 305 F.3d 1107, 1118 (10th Cir. 2002).

[7] *See Doit, Inc. v. Touch, Ross & Co.*, 926 P.2d 835, 842 n.11 (Utah 1996).

[8] *See Ciana Corp. v. Northrop Grumman Corp.*, No. Civ. A. 99-1676, 1999 WL 600382 (E.D. La. Aug. 6, 1999).

[9] *See In re A.H. Robins Co.*, 86 F.3d 364 (4th Cir. 1996); *In re Lang,* 293 B.R. 501 (B.A.P. 10th Cir. 2003); *In re Simmons*, 205 B.R. 834 (Bankr. W.D. Tex. 1997); *In re Diversified Contract Servs.*, 167 B.R. 591 (Bankr. N.D. Ca. 1994).

bankruptcy code.  To the extent the Salinases otherwise seek damages for any intentional acts, they have not cited any controlling authority or persuaded this court to imply a *federal* common law action under the circumstances.   And this court declines to do so.

Finally, the Salinases note the elements of negligence under Utah law.  But Count III does not plead a cause of action for negligence under Utah law.

Accordingly, the court GRANTS SPS's motion for partial judgment on the pleadings (#28) on Count III of the Complaint.

DATED this 25th day of June, 2007

BY THE COURT:

_____
Paul G. Cassell
United States District Judge