# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| BRIAN SALINAS and SULYN SALINAS,<br><br>    Plaintiffs,<br><br>vs.<br><br>SELECT PORTFOLIO SERVICING, INC.; WACHOVIA CORPORATION; and LUNDBERG & ASSOCIATES,<br><br>    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No.  2:05cv975<br><br>District Judge Paul G. Cassell<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Paul G. Cassell pursuant to 28 U.S.C. § 636(b)(1)(B).  Before the court is Select Portfolio Servicing, Inc.'s ("SPS") motion for sanctions seeking dismissal of the complaint pursuant to Federal Rule of Civil Procedure 37(b)(2)(C),[1] to which Wachovia Corporation ("Wachovia") and Lundberg & Associates ("L&A") join.[2]  On July 11, 2007, the court issued an order to show cause why this case should not be dismissed for the failure of Sulyn Salinas ("Ms. Salinas") to appear for two scheduled depositions, the second time after being ordered to appear by Magistrate Judge Brooke C. Wells.  On July 27, 2007, the court held a hearing on the order to show cause.  At the hearing, Brian Salinas ("Mr. Salinas") and Ms. Salinas (collectively, "Plaintiffs") were represented by

---

[1] *See* docket no. 97.

[2] *See* docket nos. 102 and 103, respectively.

Ronald Ady, SPS was represented by Keith A. Kelly, Wachovia was represented by P. Bruce Badger, and L&A was represented by J. Scott Lundberg.  Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the motion under advisement, the court has further considered the law and facts relating to the motion.  Now being fully advised, the court recommends that SPS, Wachovia, and L&A's (collectively, "Defendants") motion be granted.

## I.  Background

On November 28, 2005, Plaintiffs filed a complaint alleging, inter alia, that Defendants failed to process and improperly processed mortgage payments and wrongfully foreclosed Plaintiffs' interest in their home.  A scheduling order was entered setting forth the following deadlines:  Fact discovery due January 31, 2007; expert discovery due July 20, 2007; dispositive motions due August 20, 2007; and a five-day jury trial to begin on January 28, 2008.  On March 21, 2007, Judge Cassell granted Plaintiffs' motion to amend the scheduling order and extended the fact discovery deadline to March 30, 2007; expert discovery deadline to August 1, 2007; and the dispositive motion deadline to September 20, 2007.

Upon stipulation of all parties, Ms. Salinas's deposition was originally noticed for March 19, 2007, and Mr. Salinas's deposition was originally noticed for March 20, 2007.  On March 19, 2007, counsel waited for nearly an hour for Ms. Salinas to appear for her deposition, but she failed to appear.  Counsel made a record of her failure to appear, and Plaintiffs' counsel stated, "I was able to confirm twice this morning that she was going to be here.  I won't say how or by what means, but I just was able to confirm twice that she was going to be here so I'm surprised

that she hasn't shown." Later that same day, counsel for Plaintiffs informed counsel for SPS that Mr. Salinas would not be available for his scheduled deposition the following day and that it would have to be rescheduled.

Defendants then filed a motion to compel Plaintiffs to appear for their depositions,[3] which was heard by Judge Wells on April 4, 2007.[4] In the written order following the hearing, Judge Wells extended the fact discovery deadline to April 30, 2007; ordered Mr. Salinas to appear for his deposition on April 5, 2007; and ordered Ms. Salinas to submit herself for deposition prior to the April 30, 2007 fact discovery deadline.[5] Judge Wells also indicated that there would be no further extensions given.[6]

Mr. Salinas appeared at his deposition. After repeatedly attempting to obtain dates for Ms. Salinas's deposition, but being unable to confirm a date with her counsel, counsel for SPS noticed her deposition for April 13, 2007. Again, Ms. Salinas failed to appear at her deposition, and no other dates for her deposition were provided. On April 20, 2007, counsel for SPS notified counsel for Plaintiffs by e-mail that SPS would seek dismissal of the lawsuit for Ms. Salinas's failure to obey the court's order compelling her deposition.

On that same date, counsel for Plaintiffs filed a motion to withdraw as counsel. In his motion, counsel stated that (1) Ms. Salinas is the person with the primary knowledge of facts

---

[3] *See* docket no. 46.

[4] *See* docket no. 70.

[5] *See* docket no. 71.

[6] *See* docket no. 70.

supporting the case, (2) Ms. Salinas had moved out of the home she shared with Mr. Salinas, (3) he had repeatedly attempted to contact Ms. Salinas but had been unable to reach her, and (4) the last piece of mail he sent to her new address had been returned as undeliverable.

On May 30, 2007, SPS filed a motion for sanctions pursuant to rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, joined by Wachovia and L&A.  Defendants assert that Ms. Salinas's failure to appear for her depositions after being ordered to appear warrants dismissal with prejudice of Plaintiffs' complaint.  At the order to show cause hearing, Plaintiffs' counsel and Mr. Salinas indicated that Ms. Salinas failed to appear at the first deposition because she had been incarcerated and/or detained by the West Jordan Police Department on her way to the deposition[7] and that she failed to appear at the second deposition because of substance abuse issues and/or emotional instability.  On April 18, 2007, after both deposition dates had passed,

---

[7] At the order to show cause hearing, Plaintiffs' counsel and Mr. Salinas asserted that Ms. Salinas failed to appear at her first deposition because she was pulled over by the West Jordan Police Department for a traffic violation and was arrested or detained on an outstanding warrant. Mr. Salinas nor his counsel had any evidence at the hearing to support this assertion.  In fact, prior to the hearing, the court obtained Ms. Salinas's booking records which do not show Ms. Salinas as incarcerated on March 19, 2007.  Subsequent to the hearing, Mr. Salinas informed the court that he had found the traffic citation from the West Jordan Police Department confirming that she had been detained on that day.  On August 1, 2007, Plaintiffs' counsel filed a copy of the citation with the court.  Upon review of the citation, the court notes that while it is dated March 19, 2007, it is a citation from the Utah Transit Authority Police not the West Jordan Police Department.  The citation appears to be merely a warning given to Ms. Salinas at 9:50 a.m., fifty-minutes after the time set for her deposition, and it does not demonstrate that she was incarcerated.  Moreover, it does not provide a justification for failing to appear for her 9:00 a.m. deposition or for failing to contact her counsel immediately after her encounter with the Utah Transit Authority Police.

Ms. Salinas was booked into the Salt Lake County Jail and is apparently serving a jail sentence of approximately fifteen months for domestic violence.

## II. Discussion

Under rule 37(b)(2) of the Federal Rules of Civil Procedure, when "a party fails to obey an order" of the court, "the court in which the action is pending may make such orders in regard to the failure as are just." Fed. R. Civ. P. 37(b)(2). Under subdivision (C), such sanctions may include "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(C).

The Tenth Circuit has set forth a five-part test for determining whether dismissal of a complaint is an appropriate sanction under rule 37(a)(2)(C) for a party's failure to obey a discovery order. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). The court explained:

> Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* (alteration in original) (quotations and citations omitted). The court additionally held that "[t]hese factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* The court noted that dismissal is an extreme sanction appropriate only in cases of willful misconduct. *See id.* at 920. "Because

dismissal with prejudice defeats altogether a litigant's right of access to the courts, it should be used as a weapon of last, rather than first, resort." *Id.* (quotations and citation omitted).

The court will examine each of the five *Ehrenhaus* factors to determine whether dismissal is an appropriate sanction in this matter.

### A.  Actual Prejudice to Defendants

Like the defendants in *Ehrenhaus*, Defendants have been prejudiced by Plaintiffs' failures to appear for their depositions by "causing delay and mounting attorney's fees." *Id.* at 921. Because of Plaintiffs' initial failures to appear for agreed-upon deposition dates, Defendants were obliged to file a motion to compel their depositions.  Despite being given additional time in which to complete fact discovery and counsel's repeated efforts to coordinate their schedules for Ms. Salinas's deposition, Ms. Salinas still failed to appear or offer any date for her deposition. The fact discovery date has now passed without the deposition of Ms. Salinas.   Defendants are thus prejudiced by Ms. Salinas's failure to appear at her court-ordered deposition.

Furthermore, Defendants contend that the testimony of Ms. Salinas was expected to support Defendants' key defenses in the case.  Because Ms. Salinas was the sole obligor on the note whose collection is the subject of this lawsuit, Defendants assert that her testimony is vital in confirming the defenses of SPS.  Her deposition testimony was expected to support the validity of the underlying obligation, her numerous defaults before and after bankruptcy, the appropriateness of SPS's collection activities, and reasons why Plaintiffs' own actions prevented them from refinancing their loan.  Ms. Salinas's deposition testimony was also expected to show that all alleged damages resulted from the Plaintiffs' own actions, including their numerous

6

failures to comply with bankruptcy court requirements, chronic unemployment, addiction to prescription narcotics, and problems with domestic violence that led to jail time for Ms. Salinas.

Defendants are further prejudiced in that they are unable to follow up on information gained from Ms. Salinas's deposition. The avenues that Defendants would otherwise be able to pursue are cutoff leaving Defendants at a disadvantage in defending against Plaintiffs' claims.

Moreover, Plaintiffs have failed to provide answers to interrogatories and requests for production of documents to both Wachovia and L&A, necessitating the filing of motions to compel.[8] To date, Plaintiffs have failed to respond to either of these motions or to otherwise explain why these discovery requests have not been provided.

Based on the foregoing, the court finds that Defendants have suffered actual prejudice for the failure of Ms. Salinas to comply with her court-ordered discovery obligations. Accordingly, the first requirement of *Ehrenhaus* has been satisfied.

### B.  Interference with Judicial Process

Plaintiffs' original failures to appear for their depositions, coupled with Ms. Salinas's complete failure to appear when ordered, have substantially interfered with the judicial process. Plaintiffs have provided various purported justifications for Ms. Salinas's failure to appear for her depositions, but none has swayed the court. While the court is sympathetic to the pain Ms. Salinas has suffered as a result of her unfortunate circumstances, her purported reasons for failing to appear simply do not justify violating a court order. Essentially, Ms. Salinas failed to conduct

---

[8] *See* docket nos. 72 and 75, respectively.

herself in a responsible manner. For example, Ms. Salinas could have appeared at the deposition and explained to counsel that she was not emotionally able to participate in her deposition that day. All counsel would be apprised of her situation, and some type of accommodation could have been addressed at that time.

As a result of Ms. Salinas's dilatory conduct, Defendants were unable to complete discovery, despite an extension of time designed to deal with her previous failure to appear. Accordingly, the court finds that because Ms. Salinas has undeniably "flouted the court's authority," the second *Ehrenhaus* factor has been satisfied. *Id.*

### C. Culpability

The court finds that Ms. Salinas's failure to appear for her depositions was intentional and willful. At the order to show cause hearing, counsel for Plaintiffs informed the court that Ms. Salinas had been detained by the West Jordan Police Department on her way to the first scheduled deposition. Ms. Salinas's jail booking records, however, do not demonstrate that she was booked into jail on March 19, 2007. But assuming that she was in fact detained, this does not explain why Ms. Salinas failed to contact her counsel immediately upon release to reschedule the deposition. Nor does it excuse her failure to appear at the court-ordered deposition on April 13, 2007.

Plaintiffs' counsel contends that Ms. Salinas was emotionally unable to attend the second scheduled deposition. Again, Ms. Salinas failed to contact her counsel to reschedule the deposition. Ms. Salinas's repeated failures to keep her counsel apprised of her whereabouts or her intentions to prosecute this matter bolster the court's finding that Ms. Salinas's failure to

appear for her court-ordered deposition was not a mere oversight. Ms. Salinas has simply failed to cooperate with the judicial process. Accordingly, the court finds that her lack of cooperation in discovery has been intentional, and, thus, the third *Ehrenhaus* factor has been met.

### D.  Advance Warning

While the court did not explicitly warn Ms. Salinas that failure to appear at her court-ordered deposition could result in dismissal of her lawsuit, the court informed Plaintiffs' counsel that it would not grant any more extensions. Thus, Ms. Salinas was constructively on notice that there would be no more extensions. Additionally, her counsel was advised by counsel for SPS that it would seek dismissal of the complaint as a sanction for her failure to appear. Thus, while there was no specific warning given by the court, Plaintiffs did have some notice that dismissal would be sought for Ms. Salinas's failure to comply with the court's order.

### E.  Efficacy of Lesser Sanctions

It is apparent from Ms. Salinas's failure to appear for a court-ordered deposition that lesser sanctions would not be effective. Despite knowing that the twice-extended fact discovery deadline was fast approaching with no possibility for another extension, Ms. Salinas still failed to comply with her discovery obligations. Accordingly, the court has determined that the fifth *Ehrenhaus* factor has been met.

The court concludes that the five *Ehrenhaus* factors have been satisfied in this matter. While Plaintiffs were not explicitly given actual notice that failure to comply with discovery could result in dismissal of their case, they certainly had constructive notice through counsel. The other four factors likewise weigh heavily in favor of granting Defendants' motion. "Only

when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id*. at 921 (quotations and citations omitted). As such, the court concludes that dismissal of Plaintiffs' complaint is appropriate.

Additionally, the court notes that it was Plaintiffs who initiated the lawsuit against Defendants. It is Plaintiffs' responsibility to fully prosecute their case and actively participate in discovery, including complying with discovery requests, the Federal Rules of Civil Procedure, and court orders. They did not do so. Defendants are entitled to discover the factual support for the claims against them and to prepare a defense. Mr. Salinas's pronouncement at the order to show cause hearing that Ms. Salinas is now finally ready to prosecute this matter and have her deposition taken in jail falls within the adage of too little too late. To continue this debacle only serves to further prejudice Defendants who are entitled to a swift resolution of the claims against them.

Moreover, while Plaintiffs contend that the issue here is merely a matter of rescheduling Ms. Salinas's deposition, the reality is that it is far beyond a simple scheduling issue. Since the original scheduling order was entered in this case, it has been completely disregarded by Plaintiffs, and the discovery process has been entirely abandoned. Essentially, Plaintiffs have been unilaterally controlling the litigation in a rogue manner without regard to the Federal Rules of Civil Procedure, orders of the court, or the prejudice to Defendants. If the court were to allow this case to continue, all remaining dates in the scheduling order, including the trial date, would have to be vacated; a new scheduling order, including fact discovery deadlines, would have to be

entered; and presumably, Plaintiffs would have to secure new counsel or choose to represent themselves, as Plaintiffs' counsel has filed a motion to withdraw.

The court recognizes that dismissal is indeed a severe sanction. Nevertheless, if the civil justice system is to work fairly and efficiently and if the Federal Rules of Civil Procedure are to have any meaning, then the sanction of dismissal must be applied when appropriate. In those rare instances, such as this case, to do so both validated and protects the administration of our civil justice system.

### III. Recommendation

Based on the foregoing, the court **RECOMMENDS** that Defendants' motion for sanctions pursuant to rule 37(b)(2)(C) of the Federal Rules of Civil Procedure be **GRANTED** and Plaintiffs' complaint be dismissed with prejudice. Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to object. The parties are further notified that they must file any objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent review.

**IT IS SO ORDERED.**

DATED this 2nd day of August, 2007.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge