RONALD ADY, PLLC (USB 3694)
8 E. Broadway, Ste. 710
Salt Lake City, UT 84111
(801) 530-3122
(810) 746-3501 fax

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| Brian Salinas and Sulyn Salinas, <br><br> Plaintiffs, <br><br> v. <br><br> Select Portfolio Servicing, Inc., Wachovia Corporation and Lundberg and Associates, <br><br> Defendants. | **OBJECTION TO THE MAGISTRATE'S REPORT AND RECOMMENDATION OF AUGUST 2, 2007** <br><br> **Case No. 2:05-cv-00975** <br><br> **Judge** Paul G. Cassell <br><br> **Magistrate Judge** Paul Warner |

Plaintiffs object to the Magistrate's recommendation for dismissal with prejudice of the Plaintiffs' complaint filed in the within action, for the reasons stated below.

I.  **STANDARD OF REVIEW**

This action was previously referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A), which permits the Magistrate Judge to decide certain non-dispositive matters, subject to being set aside by the district judge if the determination is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). A district court must defer to the Magistrate Judge's ruling unless it is clearly erroneous or contrary to law.[1] To overturn the Magistrate Judge's decision as clearly erroneous under Rule 72(a), the court must

---

[1] Hutchinson v. Pfeil, 105 F.3d 562 (10 Cir. 1997).

have "a definite and firm conviction that a mistake has been committed."[2] Although the Magistrate's discretion is wide, the specific legal standards governing the exercise of that discretion must nevertheless be properly applied, otherwise that exercise of discretion can only be an abuse of discretion.[3] And no deference is given to a magistrate judge's rulings on issues of law, which are reviewed for a correction of error standard. Because they involve issues of law, the magistrate's legal conclusions are entitled to no deference.

II.     **DISCUSSION OF ISSUES**

The Court's determination of the Defendants' motion for discovery sanctions is governed by the five factors explicated in Ehrenhaus v. Reynolds.[4] The Magistrate Judge's Report and Recommendation tracks those five factors, obviating the need for specific recitation of those factors in this objection.

Although the Magistrate's Report and Recommendation recites each of the Ehrenhaus factors, it fails to properly apply those factors in that:

I. In analyzing the fifth factor, the Magistrate at page 9 of his report erroneously found that:

> Despite knowing that the twice-extended fact discovery deadline was fast approaching with no possibility for another extension, Ms. Salinas still failed to comply with her discovery obligations.

The submissions to the Magistrate at the July 27, 2007 hearing made clear that because of the domestic violence issues, her removal from her home and the great difficulty her counsel had in

---

[2] Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10 Cir. 1988)(internal quotations omitted).

[3] Ohlander v. Larson, 114 F.3d 1531(10th Cir. 1997).

[4] 965 F.2d 916 (10th Cir. 1992).

maintaining contact with Ms. Salinas that she was not fully aware of her discovery obligations. Clearly, if there was no evidence before the Court that Ms. Salinas knew that the deadline was rapidly approaching and could not be extended, then this factor was never adequately analyzed.

    ii. In considering the fourth Ehrenhaus factor, the Magistrate acknowledged that Ms. Salinas was never warned that her failure to attend would result in dismissal of her case. It is undisputed then that Ms. Salinas was never warned by the Court that her failure to attend for her deposition would result in dismissal of her case. Although the Magistrate acknowledged that Ms. Salinas was never warned, he did not undertake any analysis of how the absence of that warning should operate in the Court's determination of the discovery sanctions that it might impose because of Ms. Salinas failure to attend at her deposition. Without this analysis, dismissal was improper.[5]

    iii. The Magistrate's Report and Recommendation lacks the requisite finding of culpability by Ms. Salinas. Although at p. 8 the Magistrate's Report and Recommendation raises the issue of culpability, it never properly resolves that issue. The fact that a party has "offered no excuse for [her] failure to comply" is "not the equivalent of a finding of willful noncompliance, and thus [does] not meet the due process standard required to justify a default."[6] The Magistrate based its finding of culpability by rejecting any suggestion that Ms. Salinas failure to attend was a result of a "mere oversight."

    However, Plaintiffs never represented to the Court that Ms. Salinas's failure to attend was the result of a "mere oversight." Instead, they alleged that her failure to attend her first

---

[5] *See* Mobley v. McCormick, 40 F.3d 337, 341 (10th Cir. 1994).

[6] Ruplinger v. Rains (In re Rains), 946 F.2d 731, 733 (10th Cir. 1991).

deposition was due to circumstances beyond her control and her failure to attend her second deposition was due to extreme emotional distress resulting from her being evicted from her home, escalating domestic problems after that eviction, losing custody of her infant twins, being banned from seeing her infant children, having to live on the street, and attendant problems from substance abuse.

In that light, the Court's "mere oversight" finding falls into the same category as finding that willfulness could be inferred because the reasons for a party's noncompliance were "without legal justification,"[7] which compels this Court's rejection of the Magistrate's Recommendation. That is, in this context there must have been a voluntary, intentional refusal to comply with a discovery order before Ms. Salinas failure to appear can said to be wilful. Without the requisite finding of wilfulness, due process concerns prohibit dismissal of the Plaintiffs' actions.

The record before this Court makes a finding of wilfulness problematic.  She was never specifically warned of the potential sanctions now imposed and was undisputedly under extreme emotional distress. In the two hours preceding her first deposition she repeatedly advised her counsel by telephone that she was on her way.  At the time of her second deposition she was living on the street, she was simultaneously contending with this case, with criminal charges and with a domestic dispute involving her ability to maintain any contact with her infant twins. It is undisputed that she was under extreme emotional distress. In fact, the day after the date for her second deposition she was incarcerated in the Salt Lake County Jail.

III.   **CONCLUSION**

Ms. Salinas is presently an inmate in the Salt Lake County jail where she reportedly will

---

[7]M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 873 n. 4 (10th Cir. 1987).

be incarcerated for another year and a half.  She is available for deposition at the Defendants' request.

DATED this 20th day of August, 2007.

/S/
RONALD ADY
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2007, a true and correct copy of the foregoing memorandum was electronically filed with the Clerk of court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Ronald Ady<br>8 E. Broadway, Suite 710<br>Salt Lake City, Utah 84111<br>**adyr@80law.com** | Keith A. Kelly<br>Steven C. Strong<br>36 South State Street, Suite 1400<br>Salt Lake City, Utah 84111<br>**kkelly@rqn.com** |
| P. Bruce Badger<br>215 South State Street, Suite 1200<br>P.O. Box 510210<br>Salt Lake City, Utah 84151<br>**bbadger@labianlaw.com** | J. Scott Lundberg<br>3269 South Main Street, #100<br>Salt Lake City, Utah 84115<br>**scott.lundberg@lundbergfirm.com** |

DATED this 20th day of August, 2007.

/S/
RONALD ADY