IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRIAN SALINAS and SULYN SALINAS,<br><br>Plaintiffs,<br><br>vs.<br><br>SELECT PORTFOLIO SERVICING, INC.; WACHOVIA CORPORATION; and LUNDBERG AND ASSOCIATES,<br><br>Defendants. | ORDER ADOPTING MAGISTRATE JUDGE WARNER'S RECOMMENDATION<br><br><br><br>Case No. 2:05-CV-00975 PGC |

Before the court is the August 2, 2007 Report and Recommendation issued by United States Magistrate Judge Paul M. Warner. The magistrate judge recommended that this court grant defendant Select Portfolio Servicing's motion to dismiss the complaint (which the other defendants joined) as a sanction pursuant to Rule 37 of the Federal Rules of Civil Procedure. The Salinases object to the magistrate judge's dismissal recommendation.

Rule 72 of the Federal Rules of Civil Procedure requires this court to make a de novo determination upon the record of any part of the magistrate judge's disposition to which the Salinases have specifically and in writing objected.[1]  Except in regard to the subsidiary finding

---

[1] *See* Fed. R. Civ. P. 72(b).

that Ms. Salinas knew that case discovery deadlines were quickly approaching, the court finds no merit to the Salinases' specific objections. Having reviewed the matter de novo, this court otherwise adopts the magistrate judge's findings. The court also concludes that the record supports the magistrate judge's ultimate recommendation dismissing this action as a sanction pursuant to Rule 37.

In this case, the defendants (collectively SPS) seek dismissal of this action as a sanction for the Salinases' failure to comply with discovery obligations, in particular Ms. Salinas' failure to attend depositions. Rule 37 provides that sanctions for violating a discovery order may include "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."[2] Ordinarily, before dismissing an action as a sanction for violating such an order, courts in the Tenth Circuit consider the five *Ehrenhaus* factors.[3] These factors, however, are not exhaustive or necessarily of equal weight.[4] And "'only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on the merits is dismissal an appropriate sanction.'"[5]

In their opening brief, the Salinases do not specifically object to the magistrate judge's determination that factor one – actual prejudice to SPS, and factor two – amount of interference

---

[2] Fed. R. Civ. P. 37(b)(2)(C).

[3] *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[4] *See Proctor & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005).

[5] *Id.* (quoting *Ehrenhaus*, 965 F.2d at 921).

with the judicial process, support dismissal.[6]  Only in their reply do they specifically and inappropriately contend that SPS will not suffer "severe" prejudice because Ms. Salinas is in jail and is now available for deposition.  Fact discovery, however, has closed and SPS has incurred fees, expenses, and costs in preparing and attempting to twice depose Ms. Salinas, undisputedly the key witness in this matter.  After de novo review, the court determines, and agrees with the magistrate judge, that the record shows that these factors support dismissal.

The Salianases do specifically object to the magistrate judge's application of the three other *Ehrenhaus* factors.  Factor three requires the court to assess the litigant's culpability. [7]  Contrary to the Salinanes' objection, the magistrate judge did not find just that Ms. Salinas offered no excuse for her failure to comply with her discovery obligations.  Rather, the magistrate judge found, and the record shows, that the Salinases asserted that Ms. Salinas did not attend her first deposition because the West Jordan police detained her on an outstanding warrant and that she did not attend her second, court ordered deposition because at that time she was suffering from emotional distress and substance abuse issues.  In this case, these excuses are but assertions unsupported by evidence.[8]  These unsubstantiated excuses, along with Ms. Salinas' failure to reschedule the depositions, indicate that her failure to comply with her discovery obligations was wilful.  Moreover, the record shows that Ms. Salinas also failed to maintain contact with her

---

[6]*See Ehrenhaus*, 965 F.2d at 921.

[7]*See id.*

[8]*Cf. Gocolay v. New Mexico Fed. Savs. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992) (reversing dismissal where record included evidence that party suffered from chronic heath problems rendering him unable to comply with discovery order).

counsel. Consequently, she failed not only to keep apprised of and comply with her discovery obligations but also to meet her burden to prosecute this action. Based upon de novo review, the court determines, and agrees with the magistrate judge, that Ms. Salinas' failure to meet her discovery obligations was willful.

Mr. Salinas also failed to meet discovery obligations. In objecting to the magistrate judge's report and recommendation, Mr. Salinas does not argue that such failure was not wilful. Nor does he argue that this court should not dismiss the complaint as to him. This may because Ms. Salinas is the sole obligor on the note underlying this cause of action and has primary knowledge of the facts supporting the Salinases' claims. In any event, Mr. Salinas' failure to raise any issue about dismissal of the complaint as to him, especially given that he is represented by counsel, "prevents . . . [him] from sandbagging the district [court] by failing to object," then raising the issue for the first time on appeal.[9] Accordingly, the court concludes that factor three supports dismissal.

The Salinases next object to the magistrate judge's application of *Ehrenhaus* factor four. This factor requires the court to consider whether a court warned that failure to comply with discovery obligations would result in dismissal of the action.[10] While no court warned Ms. Salinas that the failure to attend her second-noticed, court-ordered deposition would result in dismissal, the record shows that Magistrate Judge Brooke Wells warned that no further extensions would be granted. And SPS' counsel clearly informed the Salinases' counsel that

---

[9]*United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[10]*See Ehrenhaus*, 965 F.2d at 920.

SPS would move to dismiss the complaint as a sanction for failure to attend the deposition. Therefore, the Salinases had constructive notice that SPS would seek dismissal as a sanction.[11] The court therefore adopts the magistrate judge's finding that the Salinases had some notice.

Finally, the Salinases object to the magistrate judge's application of *Ehrenhaus* factor five. This factor requires the court to assess whether lesser sanctions would be appropriate.[12] In determining that this factor supports dismissal, the Salinases object that the magistrate judge incorrectly found that (1) Ms. Salinas knew that the twice-extended discovery deadline was fast approaching and that (2) despite such knowledge, Ms. Salinas failed to comply with her discovery obligations. It is not clear from the record that Ms. Salinas, as opposed to her counsel, actually knew that case discovery deadlines were quickly approaching. Ms. Salinas, however, was on constructive notice.[13] Even assuming that Ms. Salinas lacked actual knowledge of case discovery deadlines, under the circumstances, the court is satisfied that lesser sanctions would not be inappropriate. Ms. Salinas wilfully failed to maintain contact with counsel, comply with her discovery obligations, and to prosecute this matter. Mr. Salinas also failed to comply with discovery obligations. The court concludes that a lesser sanction would not cause the Salinas to meet their obligations. The court therefore concludes that this factor also supports dismissal.

The court also concludes that the aggravating factors outweigh the judicial system's

---

[11]*See Gripe v. City of Enid*, 312 F.3d 1184, 1189 (10th Cir. 2002) (noting "'each party . . . is considered to have notice of all facts, notice of which can be charged upon the attorney'" quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962)).

[12]*See Ehrenhaus*, 965 F.2d at 920.

[13]*See Gripe*, 312 F.3d at 1189.

strong predisposition for resolving cases on the merits. Therefore dismissal is an appropriate sanction.

Based upon the foregoing discussion, the court ADOPTS the magistrate judge's recommendation (#125) and GRANTS the motion to dismiss (#97). This case is dismissed with prejudice. The Clerk's Office is directed to close the case.

SO ORDERED.

DATED this 5th day of October, 2006.

BY THE COURT:

_____
Paul G. Cassell,
United States District Judge