IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRIAN SALINAS and SULYN SALINAS,<br><br>    Plaintiffs,<br><br>vs.<br><br>SELECT PORTFOLIO SERVICING, INC.; WACHOVIA CORPORATION, and LUNDBERG & ASSOCIATES,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME<br><br><br><br>Case No. 2:05-CV-975 TS |

On August 2, 2007, the Magistrate Judge recommended that Plaintiffs' Complaint be dismissed with prejudice as a result of Ms. Salinas' repeated failures to appear for her deposition and her failure to comply with a Court order.[1]  Plaintiffs objected to the Magistrate Judge's recommendation.[2]  On October 5, 2007, the Court adopted the Magistrate Judge's recommendation and dismissed the case without prejudice.[3]  Judgment was entered that same

---

[1]Docket No. 125.

[2]Docket No. 127.

[3]Docket No. 135.

1

day.[4]  At 11:38 p.m., on November 5, 2007, Plaintiffs' filed a Motion for Extension of Time,[5] seeking an additional thirty days to file a Notice of Appeal.  In their Motion, Plaintiffs provide the following reasons in support of their request: (1) Plaintiff Sulyn Salinas is currently incarcerated in the Salt Lake County Jail and is without means to commence an appeal; (2) Plaintiff Brian Salinas has the sole care and custody of the Plaintiffs' three year old twins; (3) due to a knee injury, Brian Salinas is unemployed; and (4) in October 2007, Brian Salinas was evicted from his residence for non-payment of rent and is currently without means to commence an appeal but is seeking to acquire those means. Defendants have objected to that Motion.[6]

Generally, a notice of appeal in a civil case must be filed within 30 days after the judgment is entered.[7]  Federal Rule of Appellate Procedure 4(a)(5) provides that the district court may extend the time a party has to file a notice of appeal if the party so moves no later than 30 days after the initial 30-day period has expired and the party shows excusable neglect or good cause.[8]  Plaintiffs' Motion does not state whether they are seeking an extension under excusable neglect or good cause.  Thus, both considerations will be discussed below.

The Court is to examine a number of factors when determining whether excusable neglect exists.  These include: (1) the danger of prejudice to the nonmoving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for delay, including whether it

---

[4]Docket No. 136.

[5]Docket No. 137.

[6]Docket Nos. 139, 140, and 141.

[7]Fed.R.App.P. 4(a).

[8]Fed.R.App.P. 4(a)(5).

was within the reasonable control of the movant; and (4) whether the movant acted in good faith.[9]  Of these factors, "fault in the delay [is] perhaps the most important single factor . . . in determining whether neglect is excusable."[10]  The Tenth Circuit has held that the time for taking an appeal should not be extended in the absence of circumstances that are unique and extraordinary.[11]

Here, the first two factors appear to weigh in Plaintiffs' favor.  The third factor, however, does not.  Plaintiffs essentially argue that the reason for the delay arises from the fact that they are without sufficient funds to pursue an appeal at this time.  As noted by Defendants, the Notice of Appeal is not difficult to prepare.  Plaintiffs have provided no reason why a Notice of Appeal could not have been prepared and filed.

In considering the fourth factor, the Court must consider the background of this case.  As noted above, this case was dismissed as a result of Ms. Salinas' repeated failures to appear for her deposition and her failure to comply with a Court order.  Plaintiffs' current Motion can be seen as yet another dilatory tactic.  Thus, Plaintiffs have not shown excusable neglect.

The Court also finds that Plaintiffs have failed to show good cause.  "Good cause comes into play in situations in which there is no fault—excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the

---

[9]*United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[10]*Id*. at 1163 (quotation and citation omitted).

[11]*Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004).

movant."[12]  Here, Plaintiffs have not alleged that their inability to file a Notice of Appeal resulted from something beyond their control.  Thus, they have not shown good cause.

It is therefore

ORDERED that Plaintiffs' Motion for Extension of Time (Docket No. 137) is DENIED.

DATED   November 20, 2007.

                                      BY THE COURT:

                                      _____
                                      TED STEWART
                                      United States District Judge

---

[12]*Id*. at 1207 (quotation marks and citation omitted).